UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEGHAN HUNTER, Individually and as Parent and
Natural Guardian of M.H., and M.H.,

                                       Plaintiffs,

                                                                   5:17-cv-00052 (BKS/TWD)

SHANGHAI HUANGZHOU ELECTRICAL
APPLIANCE MANUFACTURING CO., LTD.,
SHANGHAI HUANGZHOU INDUSTRY CO., LTD.,
QUALITY CRAFT HOME DECOR, INC., QUALITY
CRAFT MERGERCO, QUALITY CRAFT LTD., QCIL
INTERNATIONAL, INC., HOME DEPOT, U.S.A., INC.,
THE HOME DEPOT, INC., and HD DEVELOPMENT OF
MARYLAND, INC.,

                                       Defendants.
_____

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER TO SHOW CAUSE

On July 11, 2019, counsel for the Quality Craft Defendants moved by order to show cause seeking, among other things, to hold non-party witness Travis Carter in contempt for his failure to comply with a court ordered subpoena dated April 26, 2019, compelling him to appear at a deposition on June 17, 2019. (Dkt. No. 77; Dkt. No. 77-5, at 77–79 (subpoena)). The Home Depot Defendants joined the motion. (Dkt. No. 84). On July 22, 2019, the Court issued a Text Order directing service of the motion on Mr. Carter and scheduling oral argument for September 6, 2019. (Dkt. No. 87). Prior to oral argument, Defendants advised the Court that Mr. Carter had contacted defense counsel "to discuss scheduling a deposition and adjourning the Motion pending his appearance at the deposition." (Dkt. No. 94, at 1). Following a conference, United States Magistrate Judge Thérèse Wiley Dancks recommended that the order to show cause be

held in abeyance and directed the Quality Craft defendants to file a status report by September 6, 2019, regarding Mr. Carter's deposition. (*See* Text Minute Entry, Sept. 4, 2019).

On September 6, 2019, defense counsel filed a status report indicating that Mr. Carter had been reached via telephone and agreed to appear for deposition on September 24, 2019. (Dkt. No. 99; Dkt. No. 99-1, at 1 (letter to Mr. Carter confirming deposition and advising Mr. Carter that he was "still subject to the court ordered subpoena previously served")). On September 26, 2019, Defendants filed a status report indicating that that Mr. Carter had failed to appear for deposition and that attempts to reach him had been fruitless, and requesting that "the Court consider the relief sought in" their original motion—an order holding Mr. Carter in contempt. (Dkt. No. 101 (citing Dkt. No. 77)).

Rule 45(g) provides: "The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beare v. Millington*, No. 07-cv-3391, 2010 WL 234771, at *3, 2010 U.S. Dist. LEXIS 2501, at *7 (E.D.N.Y. Jan. 13, 2010) (citing Fed. R. Civ. P. 45(e)); *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)). The Court has the authority to punish disobedience to its order "by fine or imprisonment, or both, at its discretion." 18 U.S.C. § 401. Defendants have submitted the subpoenas and certificates of service; it appears that the subpoenas were issued and served properly. (Dkt. No. 77-5, at 17–27, 30–38, 41–47, 77, 83).

"The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03-cv-1382, 2003 WL 23018833, at *8, 2003 U.S. Dist. LEXIS 23179, at *23 (S.D.N.Y. Dec. 23, 2003). "Relevance in this context is subject to the over-arching relevance requirement outlined in Rule 26(b)(1)," *New Falls Corp. v. Soni*, No. 16-cv-6805, 2018 WL 3321429, at *4, 2018 U.S. Dist. LEXIS 111953, at *10–11 (E.D.N.Y. July 5, 2018). The Rule 26 Advisory Committee Notes explain that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments. According to defense counsel, Mr. Carter is "the former husband of the plaintiff," (Dkt. No. 60, at 1), and further:

> Based on discovery to date, Carter is a substantial and material witness to central issues in the case, including but not limited to, the Product, the condition of the home both before and after the alleged incident, renovation work performed at the home, time-line of events, condition of the room where the alleged incident occurred, and condition of the infant plaintiff.

(Dkt. No. 77-4, ¶ 3). The Court therefore concludes that Defendants have shown that Mr. Carter's testimony is relevant, material, and proportional to the needs of this case. Neither Plaintiffs nor Mr. Carter have opposed the present motion. Thus, Defendants' motion is granted to the extent they seek enforcement of the subpoena.

Accordingly, the Court, having reviewed the duly executed subpoena as well as the individual service affidavit attached to it, and finding that service upon non-party Travis Carter was effected in accordance with Rule 45(b) of the Federal Rules of Civil Procedure, and for good cause shown, it is hereby

**ORDERED, THAT NON-PARTY TRAVIS CARTER IS DIRECTED TO APPEAR IN PERSON BEFORE THIS COURT, THE HON. BRENDA K. SANNES PRESIDING,**

**ON NOVEMBER 1, 2019, AT 11:00 A.M., AT THE JAMES M. HANLEY FEDERAL BUILDING IN SYRACUSE, NEW YORK, COURTROOM 5 ON THE 11TH FLOOR, AND SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR HIS FAILURE TO COMPLY WITH DEFENDANTS' DULY EXECUTED AND PROPERLY SERVED COURT ORDERED SUBPOENA DATED APRIL 26, 2019**; and it is further

**ORDERED**, that all counsel of record in this case are expected to appear at the November 1, 2019 show cause hearing; and it is further

**ORDERED**, that counsel for the Quality Craft Defendants is directed to effect personal service of this Order upon non-party TRAVIS CARTER by October 17, 2019, and to file proof of such service by October 21, 2019.

**NON-PARTY WITNESS TRAVIS CARTER IS ON NOTICE THAT ANY FAILURE TO COMPLY WITH THIS ORDER AND TO APPEAR IN THIS COURT ON NOVEMBER 1, 2019, AT 11:00 A.M. WILL RESULT IN FURTHER ACTION BY THIS COURT, UP TO AND INCLUDING THE PROSPECT OF THE U.S. MARSHAL SERVICE BEING DIRECTED TO OBTAIN THE PRESENCE OF MR. CARTER IN COURT**.

**IT IS SO ORDERED.**

Date: October 3, 2019
Syracuse, New York

_Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge